UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID E. LEFEVRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:04-CV-3819 |
| L. PARTNERS, LTD., | ) | |
| a Florida limited partnership, and | ) | |
| KOKUSAI GREEN CO., LTD., | ) | |
| a Japanese corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Joint Preliminary Report and Discovery Plan**

**1.    Description of Case:**

   *(a)*    Describe briefly the nature of this action.

   This is an action seeking to recover on three unpaid promissory notes.
   _____
   _____

   *(b)*    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   On July 9, 1998, defendants L. Partners Ltd. and Kokusai Green Co., Ltd. executed three separate promissory notes payable to plaintiff, David E. LeFevre. The plaintiff alleges that the defendants failed to pay the principal amounts and accrued interest due on the notes on their maturity dates. The plaintiff now seeks to recover the unpaid principal and interest due on the notes.

   *(c)*    The legal issues to be tried are as follows:

   The defendants' obligations under the notes.

_____

_____

    *(d)*    The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:

 None._____

    (2)    Previously Adjudicated Related Cases:

 None._____

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check):

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| __X___ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: __F. Robert Slotkin _____

_____

Defendant: __Robert L. Rothman for L. Partners, Ltd._____

_____

4. **Jurisdiction:**

   Is there any question regarding this court's jurisdiction?

   \_\_\_X\_\_ Yes           \_\_\_\_\_ No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a)   The following persons are necessary parties who have not been joined:

   _____None. Kokusai Green Co., Ltd. has not yet been served._____
   _____
   _____
   _____

   (b)   The following persons are improperly joined as parties:
   _____None._____
   _____
   _____

   (c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:
   _____None._____
   _____
   _____

   (d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

<u>  LeFevre has attached a proposed amended complaint to his Response in Opposition to Defendant L. Partners, Ltd.'s Motion to Dismiss.  The proposed amended complaint includes additional factual allegations supporting the Court's exercise of diversity jurisdiction.                                                             </u>

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These items are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

   Pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, the parties jointly objected to the initial disclosures during the Rule 26(f)/L.R. 16.1 Conference.  The parties believe that initial disclosures under Rule 26, Federal Rules of Civil Procedure, are premature given the pendency of L. Partners, Ltd.'s motion to dismiss.  The parties request that they be permitted to make their initial disclosures 14 days following the Court's ruling on the motion to dismiss.

**9.  Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

   Not at the present time.

**10.   Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to complaint.  As stated in LR26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

   Discovery will focus on plaintiff's claims for recovery under the notes.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

5

__ The parties do not currently anticipate needing additional time for discovery.__
_____

**11.     Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.
  _None._____
_____
_____
_____

**11.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

  _None at this time._____

_____

_____

**12.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on __February 23, 2005___, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): _____

   Other participants: Stacy D. Blank_____

For defendant: Lead counsel (signature):_____

   Other participants:_____

_____

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

6

(____)  A possibility of settlement before discovery.

(____)  A possibility of settlement after discovery.

(____)  A possibility of settlement, but a conference with the judge is needed.

( X )  No possibility of settlement.

(c)  Counsel (_____) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____, 20__.

(d)  The following specific problems have created a hindrance to settlement of this case.
_____
_____
_____

**13.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b)  The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 9th day of March, 2005.

| | |
|---|---|
| /s/ F. Robert Slotkin | /s/ Robert L. Rothman |
| F. Robert Slotkin | Robert L. Rothman |
| Georgia Bar No.: 653001 | Georgia Bar No. 615850 |
| bobby.slotkin@hklaw.com | robert.rothman@agg.com |
| **Holland & Knight LLP** | **Arnall Golden Gregory LLP** |
| One Atlantic Center | 171 17th Street NW |
| 1201 W. Peachtree Street, NE, Suite 2000 | Suite 2100 |
| Atlanta, GA  30309 | Atlanta, Georgia 30363 |

*********************

## SCHEDULING ORDER

      Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____

      IT IS SO ORDERED, this _____ day of _____, 20____.

                                                                             _____
                                                                          UNITED STATES DISTRICT JUDGE

4.     **Jurisdiction**.

L. Partners, Ltd. has filed with the Court a motion to dismiss on jurisdictional grounds (Doc. # ___) and LeFevre has filed a response in opposition (Doc. # ____).

L. Partners, Ltd. contends that LeFevre's allegations in support of diversity jurisdiction are insufficient because he did not allege the citizenship of the parties. In response, LeFevre has set forth the citizenship of the parties and confirmed that complete diversity exists among the parties. LeFevre attached to his response a proposed amended complaint which includes the additional allegations L. Partners, Ltd. contends are necessary.

L. Partners, Ltd. also contends that the Court lacks personal jurisdiction over it under Georgia's Long-Arm Statute and the constitutional requirements of due process. In response, LeFevre argues that L. Partners, Ltd.'s execution of the promissory notes in Georgia, along with its routine business practice of traveling to Georgia to consummate its commercial financing transactions to take advantage of Georgia's favorable tax laws, is sufficient to establish personal jurisdiction over L. Partners, Ltd.

# 2641212_v1