# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAVID E. LEFEVRE,

    Plaintiff,

    v.

L. PARTNERS, LTD.,
A Florida limited partnership, and
KOKUSAI GREEN CO., LTD.,
A Japanese corporation

    Defendants.

CIVIL ACTION FILE NO.

1:04-CV-3819-GET

## REPLY BRIEF IN SUPPORT OF DEFENDANT
## L. PARTNERS, LTD.'S MOTION TO DISMISS

COMES NOW Defendant L. Partners, Ltd. ("L. Partners") and, pursuant to Local Rule 7.1(C), submits this Reply Brief in Support of its Motion to Dismiss and respectfully requests that this Court dismiss Plaintiff's Complaint. In his response to L. Partners' Motion to Dismiss ("Response"), Plaintiff does not dispute, and therefore concedes, that the only connection between the parties, the litigation, and Georgia is that the parties signed the promissory notes at issue in Georgia. This is not enough to justify the exercise of personal jurisdiction over L. Partners. Therefore, Plaintiff's Complaint should be dismissed.

# I. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT L. PARTNERS

## A. L. Partners Has Not "Transacted Business" Within the Meaning of the Georgia Long-Arm Statute

Plaintiff contends that the signing of the promissory notes, standing alone, amounts to "transacting business" within the meaning of the Georgia Long-Arm Statute. See O.C.G.A. §9-11-91(1). However, unlike in this case, in each of the cases cited in Plaintiff's Response there are significant connections to Georgia beyond the mere execution of a contract.

For example, Plaintiff cites Lee v. Muller, 407 S.E.2d 108, 110 (Ga. Ct. App. 1991), for the proposition that the "execution and delivery of promissory notes while [the] defendant was physically present within the territorial limits of Georgia were sufficient to satisfy [the] requirements of Georgia's Long-Arm Statute." (Response, p. 6.) A closer examination of the case reveals, however, that while the defendant executed the promissory notes in Georgia, he also helped form a Georgia corporation, was a shareholder of the corporation, and came to Georgia to acquire a controlling interest in the corporation. Lee, 407 S.E.2d at 109. There are no such additional connections to Georgia in this case.

Plaintiff also cites North Peachtree I-285 Properties, Ltd. v. Hicks, 221 S.E.2d 607 (Ga. Ct. App. 1975). As Plaintiff concedes (See Response, p. 6.), there were contacts in Hicks other than the mere execution of the promissory note. 221

S.E.2d at 610. For example, the transaction at issue involved real property located in Georgia, the defendant was a partner of a Georgia partnership, and all negotiations took place in Georgia. Id. Most notably, the obligation at issue was incurred to Georgia residents who were "'within the ambit of the State's legitimate protective policy.'" Id. (citing Coe & Payne Co. v. Wood-Mosaic Corp., 195 S.E.2d 399, 401 (Ga. 1973)). In fact, the court noted that "[a]ll acts that gave birth to th[e] cause of action occurred in Georgia" and that "there were no contacts except those within [Georgia]." Id. Such is certainly not the case here.

Finally, in Brooksing v. Holley, the defendant not only signed agreements in Georgia, but also negotiated some of the terms of the agreements in Georgia. 437 S.E.2d 857, 858 (Ga. Ct. App. 1993). In this case, however, it is undisputed that none of the terms of the promissory notes at issue were negotiated in Georgia. (See Declaration of Chris Phillips, attached to the Memorandum of Law in Support of Defendant L. Partners, Ltd.'s Motion to Dismiss as Exhibit B, ¶ 4.) Furthermore, each of the cases cited in Brooksing for the proposition that "the execution of a contract by an individual personally present within the territorial limits of the state is sufficient to constitute 'transacting business'" involve other significant in-state activities. Id. at 861; see Davis Metals v. Allen, 198 S.E.2d 285 (Ga. 1973) (plaintiff sued defendant, a former Georgia resident, for breaching a non-compete agreement after defendant moved from Georgia to another state to

compete with plaintiff; non-compete agreement contained a Georgia choice of law provision); <u>Drennan v. First Home Savings Bank</u>, 420 S.E.2d 376 (Ga. Ct. App. 1992) (promissory notes signed by nonresidents financed construction of motel in Georgia; nonresidents traveled to Georgia to inspect and purchase land for motel; nonresidents periodically traveled to Georgia to oversee and manage the motel); <u>Tampa Motel Mgmt. Co. v. Stratton of Fla.</u>, 366 S.E.2d 804 (Ga. Ct. App. 1988) (agreement at issue negotiated and signed in Georgia and contained a Georgia choice of law provision; appellant attended five-day arbitration hearing in Georgia pursuant to the terms of the agreement).

In this case, however, it is undisputed that there are <u>no</u> <u>additional</u> <u>contacts</u> whatsoever with Georgia. Thus, Georgia law does not support the exercise of jurisdiction over L. Partners.

**B.     L. Partners Has Not Established Minimum Contacts with Georgia**

Even if signing the promissory notes in Georgia amounts to "transacting business" under the Georgia Long-Arm Statute (which it does not), the exercise personal jurisdiction based upon this solitary event would not comport with the requirements of federal due process. To satisfy due process, a nonresident defendant must have such "minimum contacts" with the forum such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316

(1945).

Four factors "must be weighed in determining whether the defendant established minimum contacts with the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985). These factors are: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing. Id.; see also Mayacamas Corp. v. Gulfstream Aerospace Corp., 380 S.E.2d 303, 304-05 (Ga. Ct. App. 1989). Applied to this dispute, these factors clearly show that L. Partners does not have minimum contacts with Georgia. (See Memorandum of Law in Support of Defendant L. Partners, Ltd.'s Motion to Dismiss ("Memorandum of Law"), pp. 10-11.)

Plaintiff does not dispute this analysis or claim that any of these factors weighs in favor of finding that this Court has personal jurisdiction over L. Partners. Instead, Plaintiff avoids the issue by criticizing L. Partners' Memorandum of Law and supporting declaration "for what they do *not* say, rather than for what they do." (Response, p. 9.) This statement is ironic since it is Plaintiff who says absolutely nothing to dispute the relevant legal analysis.

For example, Plaintiff does not and cannot say that any of the parties are or have ever been citizens or residents of Georgia. Plaintiff does not and cannot say that any of the parties is conducting or has ever conducted business in Georgia, has or has ever had any employees in Georgia, or owns or has ever owned any property

in Georgia. Plaintiff does not and cannot say that the promissory notes were negotiated in Georgia. Plaintiff does not and cannot say that the promissory notes were to be performed or were in fact performed in Georgia. Plaintiff does not and cannot dispute that that the promissory notes are governed by Florida law and specifically denominate Florida as the preferred forum to resolve any dispute related to the promissory notes. In short, Plaintiff does not say *anything* -- because he cannot -- to even remotely suggest that there is any connection between the parties, the litigation, and Georgia other than the mere physical presence of the parties when they signed the promissory notes.

Unable to contest the absence of relevant jurisdictional facts, Plaintiff tries a diversion. Plaintiff accuses L. Partners of "fail[ing] to disclose to the Court any mention of its practice of executing its loan documents in Georgia" in connection with previous transactions. (Response, p. 9.) This attack upon Defendant's candor is unjustified and unwarranted. Indeed, Plaintiff correctly admits that the Court "need only consider the propriety of its exercise of specific, rather than general, jurisdiction over L. Partners," and that "[t]he Court is required to determine only whether L. Partners' contacts with Georgia are sufficient to permit a cause of action against it *related to those contacts*." (Response, p. 8 (emphasis added).) Thus, while Plaintiff describes L. Partners as "nothing short of brazen" for not discussing other transactions, involving other parties, and occurring at other times,

*i.e.*, matters that *are not at all related* to Plaintiff's causes of action, the law excludes consideration of such unrelated contacts. See Madara v. Hall, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990) (Court rejects attempt to utilize unrelated contacts with forum in a case based solely upon specific jurisdiction).

Plaintiff also mischaracterizes the execution of the promissory notes in Georgia as "a calculated strategy" or "scheme" employed "to take advantage of Georgia's favorable tax laws." (See Response, pp. 2-3, 4.) To the contrary, as shown on the face of the promissory notes, the parties affirmatively chose Florida law to govern the transaction. Executing the promissory notes in Georgia in no way invoked the benefits of Georgia law. Plaintiff is correct that by executing the promissory notes outside of Florida, the parties were not subject to paying Florida's documentary stamp tax. However, despite Plaintiff's "astonishment" and claim that L. Partners is "disingenuous" (Response, p. 4), the fact that the parties executed the promissory notes in Georgia simply does not mean that the parties availed themselves the benefits and protections of Georgia law. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Moreover, Plaintiff's reliance on Williams Electric Co. v. Honeywell, Inc., 854 F.2d 389 (11th Cir. 1988), is misplaced since, like the cases interpreting the Georgia Long-Arm Statute, the parties in Williams conducted in-state activities beyond the mere execution of a contract. 854 F.2d at 392-93 (finding that "'significant negotiations of important

terms' occurred" in the forum and that the relevant contractual documents were changed as a result of those negotiations).

Accordingly, L. Partners has not established minimum contacts with the State of Georgia, and Plaintiff's claims against L. Partners should be dismissed.

### C. Exercising Personal Jurisdiction Over L. Partners Would Offend Traditional Notions of Fair Play and Substantial Justice

Even assuming <u>arguendo</u> that the execution of the promissory notes alone is enough to establish minimum contacts with Georgia, the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice as measured by the factors set forth in <u>Burger King</u>. <u>See</u> 471 U.S. at 476-77.

Plaintiff argues that defending a lawsuit in Georgia would not be inconvenient since the parties previously traveled to Georgia to execute the promissory notes. (Response, pp. 12-13.) However, the time, expense, and inconvenience of defending a lawsuit out-of-state simply does not equate with the simple, one-day process of executing of the promissory notes.

Plaintiff contends that his interests and the interests of the forum would justify the burden on L. Partners. (Response, p. 11.) Yet, Plaintiff neglects to mention what interest he has in pursuing his lawsuit in Georgia.[1] Furthermore, and

---

[1] Indeed, in responding to L. Partners' Motion to Dismiss for lack of subject matter jurisdiction, Plaintiff submits a declaration affirming that he resides, has his business, votes and pays taxes in New York. (Declaration of David E. LeFevre, ¶ 2.) There is no mention of any connection to Georgia.

most importantly, Georgia has no interest in this case whatsoever. Neither party is or has ever been a resident of Georgia and the outcome of the lawsuit will have no impact on Georgia's citizens. Indeed, to the extent Plaintiff argues that execution of the loan documents in Georgia was for the purpose of avoiding the payment of Florida documentary stamp taxes, the argument further supports the fact that Florida, rather than Georgia, is the appropriate forum in which this Complaint should have been filed.

None of these factors suggest that litigating this dispute in Georgia would be fair, just or reasonable. Therefore, Plaintiff's claims should be dismissed even if L. Partners has established minimum contacts with Georgia.

## II.    **PLAINTIFF HAS FAILED TO PROPERLY PLEAD SUBJECT MATTER JURISDICTION**

Plaintiff has failed to properly allege the citizenship of parties to this action. Therefore, Plaintiff failed to properly invoke the subject matter jurisdiction of this Court. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (finding that a plaintiff's failure to plead citizenship on the face of the complaint did not properly invoke the subject matter jurisdiction of the court). As evidenced by his proposed amendment, Plaintiff does not dispute the insufficiency of the allegations in his original Complaint.

L. Partners acknowledges that the proposed amended complaint attached to Plaintiff's Response contains sufficient *allegations* to invoke this Court's subject

matter jurisdiction. However, L. Partners does not concede that any of these jurisdictional allegations are true or that the Court has subject matter jurisdiction over this case. Whether Plaintiff should be permitted to amend his Complaint, and thereby avoid dismissal of his claims, is a matter solely within the discretion of this Court.

### III.   CONCLUSION

Plaintiff does not dispute that the only connection between the parties, the litigation, and this forum is the execution of the promissory notes during a brief visit to Georgia. This is simply insufficient under applicable state and federal law to permit the exercise of personal jurisdiction over L. Partners. Therefore, L. Partners respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted this 11th day of March 2005.

ARNALL GOLDEN GREGORY, LLP


Robert L. Rothman
Georgia Bar No. 615850

Attorneys for Defendant
L. Partners, Ltd.

171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363-1031
404.873.8668 (telephone)
404.873.8669 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID E. LEFEVRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| L. PARTNERS, LTD., | ) | |
| A Florida limited partnership, and | ) | 1:04-CV-3819-GET |
| KOKUSAI GREEN CO., LTD., | ) | |
| A Japanese corporation | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1D

Pursuant to LR 7.1D, counsel for Defendant L. Partners, Ltd. hereby certifies that this filing has been prepared in an approved font, namely Times New Roman 14.

This 11th day of March 2005.

_____
Robert L. Rothman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID E. LEFEVRE,            )
                              )
         Plaintiff,         )
                              )
    v.                    )
                              )     CIVIL ACTION FILE NO.
L. PARTNERS, LTD.,         )
A Florida limited partnership, and   )     1:04-CV-3819-GET
KOKUSAI GREEN CO., LTD.,     )
A Japanese corporation       )
                              )
        Defendants.      )
                              )

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing *Reply Brief in Support of Defendant L. Partners, Ltd.'s Motion to Dismiss* was served by electronic mail and United States mail, first-class, with sufficient postage attached to:

> Alfred B. Adams III
> F. Robert Slotkin, Jr.
> HOLLAND & KNIGHT LLP
> Suite 2000, One Atlantic Center
> 1201 West Peachtree Street, N.E.
> Atlanta, Georgia 30309-3400

This 11th day of March 2005.

                                                      Robert L. Rothman