IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID E. LEFEVRE,

    Plaintiff,

v.

L. PARTNERS, LTD, a Florida limited partnership; KOKUSAI GREEN CO., LTD,

    Defendants.

CIVIL ACTION
NO. 1:04-cv-3819-GET

## O R D E R

The above-styled matter is presently before the court on defendant L. Partners, Ltd's motion to dismiss [docket no. 4].

On December 30, 2004, plaintiff filed this action against L. Partners, Ltd ("L. Partners") and Kokusai Green Company, Ltd ("Kokusai") to recover amounts owed pursuant to three promissory notes. On February 7, 2005, defendant L. Partners moved to dismiss the complaint for lack of subject matter jurisdiction and lack of personal jurisdiction. On February 25, 2005, plaintiff filed a response to the motion to dismiss which included a proposed amended complaint.

Amended Complaint

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....Otherwise a party may amend the party's pleading only by leave of court and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). No answer has been filed. Therefore, plaintiff is free to amend his complaint without leave of court. To the extent leave of court may be required, however, the court treats plaintiff's proposed amended complaint as a motion to amend the complaint and GRANTS said motion. The Clerk of Court is DIRECTED to file plaintiff's amended complaint which is attached to plaintiff's response to defendant's motion to dismiss. Because the substantive allegations of plaintiff's amended complaint remain unchanged, the court will treat defendant L. Partners' motion to dismiss as a motion to dismiss the amended complaint.

## Motion to Dismiss

Subject Matter Jurisdiction

Plaintiff asserts subject matter jurisdiction on the basis of diversity of citizenship. Defendant concedes that the allegations contained in plaintiff's amended complaint are sufficient to invoke this court's subject matter jurisdiction. Therefore, defendant L. Partners' motion to dismiss on the basis of lack of subject matter jurisdiction is DENIED.

Personal Jurisdiction

**Standard of Review**

When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing, the plaintiff need only show a prima facie case of personal jurisdiction. Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). When considering a motion to dismiss for lack of personal jurisdiction, the facts alleged in the plaintiff's complaint are taken as true to the extent that they are uncontroverted by the defendant's evidence. Delong Equipment Co., 840 F.2d at 845. Where the evidence presented is controverted, the court must construe all reasonable inferences in favor of the plaintiff. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988); Delong Equipment Co., 840 F.2d at 845.

Facts

In light of the foregoing standard, the court finds the following facts for the purpose of resolving defendant's motion to dismiss for lack of personal jurisdiction. Defendants L. Partners and Kokusai executed three promissory notes ("Notes") in favor of plaintiff LeFevre. Defendants signed these Notes in Atlanta, Georgia on or about July 8, 1998. Defendants chose to travel to Georgia to execute the Notes to avoid payment of the Florida documentary stamp tax. No negotiations took place in Georgia and

the subject matter of the Notes does not appear to have a relationship to the State of Georgia. Payment on the Notes is to be made to the order of plaintiff at an address in Tampa, Florida. Furthermore, the Notes provide that they "shall be governed by the law of the State of Florida. The parties consent to jurisdiction of the state and federal courts situated in Hillsborough County, Florida, in any action, suit or proceeding brought against Makers on, related to or in connection with" the Notes.

## Discussion

In a diversity action, a federal court has personal jurisdiction over a non-resident defendant to the extent permitted by the forum state's long-arm statute. Moore v. Lindsey, 662 F.2d 354, 357-58 (5th Cir. 1981). The Georgia long-arm statute provides for the exercise of "personal jurisdiction over any nonresident ... if in person or through an agent, he: (1) Transacts any business within this state; ...." O.C.G.A. § 9-10-91. The Georgia Supreme Court has "consistently held that [Georgia's] Long-Arm Statute confers jurisdiction over non-residents to the maximum extent permitted by due process." Complete Concepts, Ltd. v. General Handbag Corp., 880 F.2d 382, 388 (1989)(citing First United Bank of Mississippi v. First Nat. Bank of Atlanta, 255 Ga. 505, 340 (1986 )).

Plaintiff contends that the court "need only consider the propriety of its exercise of specific, rather than general, jurisdiction over L. Partners." Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 1872 n. 8 (1984).

Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985). This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S. Ct. 1473, 1478 (1984) and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King, 471 U.S. at 472, 105 S. Ct. at 2182 (quoting Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414, 104 S. Ct. at 1872).

Once it has been determined that the nonresident defendant has purposefully established minimum contacts with the forum such that he should reasonably anticipate being haled into court there, these contacts are considered in light of other factors to decide whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Burger King, 471 U.S. at 476, 105

S. Ct. at 2184 (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 320, 66 S. Ct. 154, 160 (1945)). These other factors are: (1) the burden on the defendant in defending the lawsuit, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the states in furthering fundamental substantive social policies. <u>Burger King</u>, 471 U.S. at 477, 105 S. Ct. at 2184; <u>World-Wide Volkswagen v. Woodson</u>, 444 U.S. 286, 292, 100 S. Ct. 559, 564 (1980).

The only contact with Georgia related to the Notes at issue is their execution in Atlanta, Georgia. Such limited contact is insufficient to permit the exercise of personal jurisdiction over L. Partners. <u>See</u> <u>Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.</u>, 792 F.2d 989, 993 (11th Cir. 1986)(execution of boiler plate contract insufficient). Plaintiff cites evidence that "it was the practice of L. Partners, Ltd. ...to travel to Atlanta, Georgia to execute their loan documents" for "a number of commercial financing transactions" for nearly a decade. Such unrelated contacts, however, are irrelevant to analysis of specific jurisdiction. <u>Madara v. Hall</u>, 916 F.2d 1510, 1516 n. 7 (11th Cir. 1990). To the extent plaintiff cites this evidence in an attempt to establish general jurisdiction, the court finds this evidence,

standing alone, to be insufficient. Therefore, defendant L. Partners' motion to dismiss (a/k/a/ "motion to dismiss the amended complaint") based on lack of personal jurisdiction [docket no. 4] is GRANTED.

Summary

The Clerk of Court is **DIRECTED** to file plaintiff's proposed amended complaint attached to plaintiff's response to defendant's motion to dismiss. To the extent action from the court is required, the court treats plaintiff's proposed amended complaint as a motion to amend the complaint and **GRANTS** said motion.

Defendant L. Partners, Ltd's motion to dismiss (a/k/a "motion to dismiss the amended complaint") [docket no. 4] is **DENIED** in part and **GRANTED** in part. Defendant's motion to dismiss based on lack of subject matter jurisdiction is **DENIED**. Defendant's motion to dismiss based on lack of personal jurisdiction is **GRANTED**.

**SO ORDERED**, this 5 day of April, 2005.

G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT JUDGE