FILED IN CLERK'S OFFICE
U.S.D.C. - ATLANTA
APR 0 5 2005
LUTHER D. THOMAS, CLERK
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID E. LEFEVRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 1:04-CV-3819-GET |
| L. PARTNERS, LTD., | ) |
| a Florida limited partnership, and | ) |
| KOKUSAI GREEN CO., LTD., | ) |
| a Japanese corporation, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT ON PROMISSORY NOTES

Plaintiff David E. LeFevre, by and through his undersigned counsel, sues defendants L. Partners, Ltd. ("L. Partners") and Kokusai Green Co., Ltd. ("Kokusai") and alleges the following:

### Parties

1. LeFevre is an individual and a citizen and resident of the State of New York.

2. L. Partners is a Florida limited partnership. L. Partners is a citizen of the State of Florida.

3. L. Partners' sole general partner is L. Partners, Inc. L. Partners, Inc. is a Florida corporation with its principal place of business in Florida. L. Partners, Inc. is a citizen of the State of Florida.

4. L. Partners' sole limited partner is L. International, Inc. L. International, Inc. is a Florida corporation with its principal place of business in Florida. L. International, Inc. is a citizen of the State of Florida.

5. Kokusai is a Japanese corporation with its principal place of business in Tokyo, Japan. Kokusai is a citizen of a foreign state.

## Jurisdiction and Venue

6. This is an action for damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees.

7. The Plaintiff seeks to enforce three separate promissory notes executed by the Defendants and payable to the Plaintiff, and arising out of a single commercial transaction. The Defendants transacted business in the State of Georgia by executing the promissory notes in Atlanta, Fulton County, Georgia. This Court has subject matter jurisdiction over the claims under 28 U.S.C. § 1332(a). This Court has personal jurisdiction over the Defendants under OCGA § 9-10-91(1).

8. Venue is appropriate in this District under 28 U.S.C. § 1391(b).

## COUNT I – NOTE PAYABLE (NOTE I)

9. LeFevre realleges and incorporates by reference the allegations in paragraphs 1 through 8 above.

10. On or about July 9, 1998, the Defendants executed and delivered to LeFevre a Promissory Note ("Note I") payable to LeFevre in the original, principal amount of $560,000. A copy of Note I is attached as Exhibit A.

11. LeFevre owns and holds Note I.

12. The Defendants failed to pay the principal amount and accrued interest due on Note I on its maturity date.

13. The Defendants owe LeFevre $560,000, plus unpaid interest accrued during the term of Note I, together with interest due since the maturity date.

14. LeFevre has placed Note I in the hands of his attorneys for collection and is obligated to pay a reasonable fee for their services.

15. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

WHEREFORE, LeFevre demands judgment for damages against the Defendants, together with interest, costs, reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II – NOTE PAYABLE (NOTE II)

16. LeFevre realleges and incorporates by reference the allegations in paragraphs 1 through 8 above.

17. On or about July 9, 1998, the Defendants executed and delivered to LeFevre a Promissory Note ("Note II") payable to LeFevre in the original, principal amount of $560,000. A copy of Note II is attached as Exhibit B.

18. LeFevre owns and holds Note II.

19. The Defendants failed to pay the principal amount and accrued interest due on Note II on its maturity date.

20. The Defendants owe LeFevre $560,000, plus unpaid interest accrued during the term of Note II, together with interest due since the maturity date.

21. LeFevre has placed Note II in the hands of his attorneys for collection and is obligated to pay a reasonable fee for their services.

22. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

WHEREFORE, LeFevre demands judgment for damages against the Defendants, together with interest, costs, reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT III – NOTE PAYABLE (NOTE III)

23. LeFevre realleges and incorporates by reference the allegations in paragraphs 1 through 8 above.

24. On or about July 9, 1998, the Defendants executed and delivered to LeFevre a Promissory Note ("Note III") payable to LeFevre in the original, principal amount of $25,000. A copy of Note III is attached as Exhibit C.

25. LeFevre owns and holds Note III.

26. The Defendants failed to pay the principal amount and accrued interest due on Note III on its maturity date.

27. The Defendants owe LeFevre $25,000, plus unpaid interest accrued during the term of Note III, together with interest due since the maturity date.

28. LeFevre has placed Note III in the hands of his attorneys for collection and is obligated to pay a reasonable fee for their services.

29. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

WHEREFORE, LeFevre demands judgment for damages against the Defendants, together with interest, costs, reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Date: February ___, 2004.

                              HOLLAND & KNIGHT LLP

                              _____
                              F. Robert Slotkin
                              Georgia Bar No. 653001

                              Attorneys for Plaintiff

Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
Phone: 404-817-8500
Fax: 404-881-0470

# 2648350_v1

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Complaint complies with the font and point selections approved by the Court in Local Rule 5.1B. This document was prepared in Times New Roman, 14 point.

                        HOLLAND & KNIGHT LLP

                        _____
                        F. Robert Slotkin
                        Attorneys for Plaintiff

## PROMISSORY NOTE

$560,000.00

Atlanta, Georgia
July 9, 1998

FOR VALUE RECEIVED the undersigned, LIGHTNING PARTNERS, LTD., a Florida limited partnership, and KOKUSAI GREEN CO., LTD., a Japanese corporation (each a "Maker" and together, "Makers"), promise to pay to the order of DAVID E. LEFEVRE, ("Holder"), at 3307 Bayshore Blvd., Tampa, Florida 33629, or as otherwise or as otherwise directed by Holder in writing, the principal sum of Five Hundred Sixty Thousand and No/100 Dollars ($560,000.00), with interest accruing thereon from the date hereof at the rate of ten percent (10%) per annum, in accordance with the following provisions:

(a) The entire principal sum evidenced by this Promissory Note ("Note"), and all accrued interest thereon, shall be payable in lawful money of the United States of America on **April 5, 1999** ("Maturity Date").

(b) Maker may prepay this Note in whole or in part with interest payable to date at any time without penalty.

(c) Holder shall have the optional right to declare the total unpaid balance hereof to be due and payable in advance of the Maturity Date upon the occurrence of any of the following (each, an "Event of Default"):

    (i) Makers shall fail to pay all amounts due on the Maturity Date;

    (ii) there shall occur a default by a Maker under any other promissory note made by such Maker payable to the order of Holder;

    (iii) a Maker shall make an assignment of a substantial portion of its assets for the benefit of creditors and such assignment remains in effect for a period of thirty (30) days;

    (iv) a Maker shall suffer the appointment of a receiver for a substantial portion of its assets and such appointment remains unvacated and is not stayed on appeal or otherwise for a period of thirty (30) days; or

    (v) a Maker shall commence any proceeding under any bankruptcy act, or any such proceeding is commenced against it and remains undismissed for a period of thirty (30) days.

T#632271.1

Any failure of Holder to require immediate payment of this Note upon the occurrence of an Event of Default or at the Maturity Date shall not be deemed a waiver by Holder of any rights hereunder, and Holder may require immediate payment upon demand at anytime after an Event of Default.

(d) Following the occurrence of an Event of Default, the outstanding principal balance of this Note shall accrue interest at a rate equal to the lesser of thirteen percent (13%) per annum or the maximum rate permitted pursuant to applicable law ("Default Rate"), which Default Rate shall apply as well before as after judgment is entered on this Note.

(e) The remedies of Holder, as provided herein, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of Holder, and may be exercised as often as occasion therefor shall arise. No act of omission or commission of Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be effected only through a written document executed by Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

(f) Time is of the essence of this instrument, and in the event an attorney is employed by Holder to enforce or defend any provisions of this instrument, Makers agree to pay a reasonable attorney's fee for Holder's attorney's services (including the services of paralegals), whether incurred in connection with litigation, mediation, arbitration, administration or bankruptcy proceedings, or any settlements thereof or appeals therefrom, along with all of Holder's costs of collecting or securing, or attempting to collect or secure the payment of the indebtedness evidenced hereby.

(g) All persons now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns, respectively, hereby (1) expressly waive presentment, notice of dishonor, protest, notice of nonpayment or protest, notice of maturity and diligence in collection; (2) agree that Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against Makers, or any other person or party to become liable hereunder; and (3) expressly waive any right to a jury trial in any lawsuit, proceedings, counterclaim, or any other litigation procedure based upon or arising out of this Note.

(h) Makers agree to pay all documentary stamp taxes which now or hereafter may be due and payable on this Note, if any.

(i) This Note shall be governed by the law of the State of Florida. The parties consent to the jurisdiction of the state and federal courts situated in Hillsborough County, Florida, in any action, suit or proceeding brought against Makers on, related to or in connection with this Note.

Executed as of the date first set forth above.

        LIGHTNING PARTNERS, LTD.,
        a Florida limited partnership

        By:    LIGHTNING PARTNERS, INC., a Florida corporation

              By: _____
                   Charles J. Hasegawa
                   President

        KOKUSAI GREEN CO., LTD.,
        a Japanese corporation

        By: _____
            Charles J. Hasegawa
            Attorney-in-Fact

EXHIBIT B

## PROMISSORY NOTE

$560,000.00

Atlanta, Georgia
July 9, 1998

**FOR VALUE RECEIVED** the undersigned, **LIGHTNING PARTNERS, LTD.**, a Florida limited partnership, and **KOKUSAI GREEN CO., LTD.**, a Japanese corporation (each a "Maker" and together "Makers"), promise to pay to the order of **DAVID E. LEFEVRE** ("Holder"), at 3307 Bayshore Blvd., Tampa, Florida 33629, or as otherwise directed by Holder in writing, the principal sum of Five Hundred Sixty Thousand and No/100 Dollars ($560,000.00), with interest accruing thereon from the date hereof at the rate of ten percent (10%) per annum, in accordance with the following provisions:

(a) The entire principal sum evidenced by this Promissory Note ("Note"), and all accrued interest thereon, shall be payable in lawful money of the United States of America on December 31, 1999 ("Maturity Date").

(b) Maker may prepay this Note in whole or in part with interest payable to date at any time without penalty.

(c) Holder shall have the optional right to declare the total unpaid balance hereof to be due and payable in advance of the Maturity Date upon the occurrence of any of the following (each, an "Event of Default"):

    (i) Makers shall fail to pay all amounts due on the Maturity Date;

    (ii) there shall occur a default by a Maker under any other promissory note made by such Maker payable to the order of Holder;

    (iii) a Maker shall make an assignment of a substantial portion of its assets for the benefit of creditors and such assignment remains in effect for a period of thirty (30) days;

    (iv) a Maker shall suffer the appointment of a receiver for a substantial portion of its assets and such appointment remains unvacated and is not stayed on appeal or otherwise for a period of thirty (30) days; or

    (v) a Maker shall commence any proceeding under any bankruptcy act, or any such proceeding is commenced against it and remains undismissed for a period of thirty (30) days.

T/#032344.1

Any failure of Holder to require immediate payment of this Note upon the occurrence of an Event of Default or at the Maturity Date shall not be deemed a waiver by Holder of any rights hereunder, and Holder may require immediate payment upon demand at anytime after an Event of Default.

(d) Following the occurrence of an Event of Default, the outstanding principal balance of this Note shall accrue interest at a rate equal to the lesser of thirteen percent (13%) per annum or the maximum rate permitted pursuant to applicable law ("Default Rate"), which Default Rate shall apply as well before as after judgment is entered on this Note.

(e) The remedies of Holder, as provided herein, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of Holder, and may be exercised as often as occasion therefor shall arise. No act of omission or commission of Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be effected only through a written document executed by Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

(f) Time is of the essence of this instrument, and in the event an attorney is employed by Holder to enforce or defend any provisions of this instrument, Makers agree to pay a reasonable attorney's fee for Holder's attorney's services (including the services of paralegals), whether incurred in connection with litigation, mediation, arbitration, administration or bankruptcy proceedings, or any settlements thereof or appeals therefrom, along with all of Holder's costs of collecting or securing, or attempting to collect or secure the payment of the indebtedness evidenced hereby.

(g) All persons now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns, respectively, hereby (1) expressly waive presentment, notice of dishonor, protest, notice of nonpayment or protest, notice of maturity and diligence in collection; (2) agree that Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against Makers, or any other person or party to become liable hereunder; and (3) expressly waive any right to a jury trial in any lawsuit, proceedings, counterclaim, or any other litigation procedure based upon or arising out of this Note.

(h) Makers agree to pay all documentary stamp taxes which now or hereafter may be due and payable on this Note, if any.

(i) This Note shall be governed by the law of the State of Florida. The parties consent to the jurisdiction of the state and federal courts situated in Hillsborough County, Florida, in any action, suit or proceeding brought against Makers on, related to or in connection with this Note.

Executed as of the date first set forth above.

        LIGHTNING PARTNERS, LTD.,
        a Florida limited partnership

        By:   LIGHTNING PARTNERS, INC., a Florida corporation

             By: _____
                    Charles I. Hasegawa
                    President

        KOKUSAI GREEN CO., LTD.,
        a Japanese corporation

        By: _____
            Charles I. Hasegawa
            Attorney-In-Fact



EXHIBIT
C

## PROMISSORY NOTE

$25,000.00

Atlanta, Georgia
July 9, 1998

**FOR VALUE RECEIVED** the undersigned, LIGHTNING PARTNERS, LTD., a Florida limited partnership, and KOKUSAI GREEN CO., LTD., a Japanese corporation (each a "Maker" and together "Makers"), promise to pay to the order of DAVID E. LEFEVRE, ("Holder"), at 3307 Bayshore Blvd., Tampa, Florida 33629, or as otherwise directed by Holder in writing, the principal sum of TWENTY-FIVE Thousand and No/100 Dollars ($25,000.00), with interest accruing thereon from the date hereof at the rate of zero (0%) per annum, in accordance with the following provisions:

(a) The entire principal sum evidenced by this Promissory Note ("Note") shall be payable in lawful money of the United States of America on December 31, 1999 ("Maturity Date").

(b) Maker may prepay this Note in whole or in part at any time without penalty.

(c) Holder shall have the optional right to declare the total unpaid balance hereof to be due and payable in advance of the Maturity Date upon the occurrence of any of the following (each, an "Event of Default"):

   (i) Makers shall fail to pay all amounts due on the Maturity Date;

   (ii) there shall occur a default by a Maker under any other promissory note made by such Maker payable to the order of Holder;

   (iii) a Maker shall make an assignment of a substantial portion of its assets for the benefit of creditors and such assignment remains in effect for a period of thirty (30) days;

   (iv) a Maker shall suffer the appointment of a receiver for a substantial portion of its assets and such appointment remains unvacated and is not stayed on appeal or otherwise for a period of thirty (30) days; or

   (v) a Maker shall commence any proceeding under any bankruptcy act, or any such proceeding is commenced against it and remains undismissed for a period of thirty (30) days.

TPA512682.1

Any failure of Holder to require immediate payment of this Note upon the occurrence of an Event of Default or at the Maturity Date shall not be deemed a waiver by Holder of any rights hereunder, and Holder may require immediate payment upon demand at anytime after an Event of Default.

(d) Following the occurrence of an Event of Default, the outstanding principal balance of this Note shall accrue interest at a rate equal to the lesser of thirteen percent (13%) per annum or the maximum rate permitted pursuant to applicable law ("Default Rate"), which Default Rate shall apply as well before as after judgment is entered on this Note.

(e) The remedies of Holder, as provided herein, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of Holder, and may be exercised as often as occasion therefor shall arise. No act of omission or commission of Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be effected only through a written document executed by Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

(f) Time is of the essence of this instrument, and in the event an attorney is employed by Holder to enforce or defend any provisions of this instrument, Makers agree to pay a reasonable attorney's fee for Holder's attorney's services (including the services of paralegals), whether incurred in connection with litigation, mediation, arbitration, administration or bankruptcy proceedings, or any settlements thereof or appeals therefrom, along with all of Holder's costs of collecting or securing, or attempting to collect or secure the payment of the indebtedness evidenced hereby.

(g) All persons now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns, respectively, hereby (1) expressly waive presentment, notice of dishonor, protest, notice of nonpayment or protest, notice of maturity and diligence in collection; (2) agree that Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against Makers, or any other person or party to become liable hereunder; and (3) expressly waive any right to a jury trial in any lawsuit, proceedings, counterclaim, or any other litigation procedure based upon or arising out of this Note.

(h) Makers agree to pay all documentary stamp taxes which now or hereafter may be due and payable on this Note, if any.

(i) This Note shall be governed by the law of the State of Florida. The parties consent to the jurisdiction of the state and federal courts situated in Hillsborough County, Florida, in any action, suit or proceeding brought against Makers on, related to or in connection with this Note.

Executed as of the date first set forth above.

LIGHTNING PARTNERS, LTD.,
a Florida limited partnership

By: LIGHTNING PARTNERS, INC., a Florida corporation

By: /s/ Charles J. Hasegawa
Charles J. Hasegawa
President

KOKUSAI GREEN CO., LTD.,
a Japanese corporation

By: /s/ Charles J. Hasegawa
Charles J. Hasegawa
Attorney-in-Fact